ing and Refining Company was the amount paid by the purchaser of that product for the transfer of title to it. As between the buyer and seller there was a sale and a selling price. That selling price was the ceiling price fixed by law until November 10, 1946, and thereafter the open market price.

If the pleadings had shown any common interest between the buyer and seller in this case that would have made the sale of copper-bearing ore less than the true value of the product, then the Commission might have invoked the provisions of section 73–1305, supra, governing sales between affiliated corporations. But there are no allegations in these pleadings justifying an assumption that the "gross proceeds from the sale are not indicative of the true value of the subject matter of the sale". This being the case, we hold the Commission had no authority under section 73–1305, supra, to add to the selling price of the ore, the subsidies paid to the appellee by the Metals Reserve Company. To do so would create an enlarged base differing from the "gross proceeds of sales" base specified for the assessment of the tax under the Excise Revenue Act.

Our decision in Miami Copper Company case, supra, meets all of the other arguments advanced by the Commission on this appeal.

We hold that the subsidy payments made to the appellee did not constitute any part of the "gross proceeds of sales" of its prod-

uct. The judgment of the lower court is therefore affirmed.

STANFORD, PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.

246 P.2d 879

**STATE TAX COMMISSION of the State of Arizona, a body corporate and politic, and Joe Hunt, Thad M. Moore and Warren Peterson, as members of the State Tax Commission, Appellants, v. KENNECOTT COPPER CORP., RAY MINES DIVISION, a corporation, Appellee.**

No. 5435.

Supreme Court of Arizona.

July 14, 1952.

Fred O. Wilson, Atty. Gen., Charles C. Stidham, Asst. Atty. Gen., for appellants.

Fennemore, Craig, Allen & Bledsoe, Richard Fennemore, of Phoenix, for appellee.

PER CURIAM.

This is a companion case to State Tax Commission v. Miami Copper Company, 74 Ariz. 234, 246 P.2d 871. The essential facts are the same and the issues present the-

same questions. For the reasons stated therein and upon the conclusions reached in that case, the judgment of the lower court is in all respects affirmed.

UDALL, C. J., and STANFORD, PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.

246 P.2d 879

STATE TAX COMMISSION of the State of Arizona, a body corporate and politic, and Joe Hunt, Thad M. Moore and Warren Peterson, as members of the State Tax Commission, Appellants, v. INSPIRATION CONSOLIDATED COPPER COMPANY, a corporation, Appellee.

No. 5436.

Supreme Court of Arizona.

July 14, 1952.

Fred O. Wilson, Atty. Gen., Charles C. Stidham, Asst. Atty. Gen., for appellants.

Edward W. Rice, of Globe, for appellee.

PER CURIAM.

This is a companion case to State Tax Commission v. Miami Copper Company, 74 Ariz. 234, 246 P.2d 871. The essential

facts are the same and the issues present the same questions. For the reasons stated therein and upon the conclusions reached in that case, the judgment of the lower court is in all respects affirmed.

UDALL, C. J., and STANFORD, PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.

246 P.2d 880

STATE TAX COMMISSION of the State of Arizona, a body corporate and politic, and Joe Hunt, Thad M. Moore and Warren Peterson, as members of the State Tax Commission, Appellants, v. CASTLE DOME COPPER CO., Inc., a corporation, Appellee.

No. 5438.

Supreme Court of Arizona.

July 14, 1952.

Fred O. Wilson, Atty. Gen., Charles C. Stidham, Asst. Atty. Gen., for appellants.

Morris & Malott, James R. Malott, of Globe, for appellee.

PER CURIAM.

This is a companion case to State Tax Commission v. Miami Copper Company,